NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO LOPEZ-AGUILAR, AKA Calixto Benito Mendoza Cruz, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-71261 <br><br> Agency No. A205-141-194 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017**

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

Ricardo Lopez-Aguilar, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from the

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims and we review for substantial evidence the agency's factual findings. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny the petition for review.

We reject Lopez-Aguilar's contention that the agency violated his right to due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process challenge).

Substantial evidence supports the agency's determination that Lopez-Aguilar failed to establish that the harm he and his family suffered by gangs in Guatemala, even considered cumulatively, rose to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (holding that harassment, threats, and one beating did not compel a finding of past persecution); *see also Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1046 (9th Cir. 2007) (injuries to a family must be considered in asylum cases where the events alleged as the basis for past persecution were perceived when the petitioner was a child). Substantial evidence also supports the agency's conclusion that Lopez-Aguilar failed to establish that it is more likely than not he will be persecuted if returned to Guatemala. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").

In this case, because Lopez-Aguilar failed to establish eligibility for asylum, his claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*,

14-71261

453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Lopez-Aguilar's CAT claim because he failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

14-71261